### John H. Ruddock v. Wesley Mallory.

Where, during the pendency of charges against him, the Clerk of a court resigns his office, the appointment made of a Clerk *pro tempore* terminates with the resignation.

A vacancy in the office thus occurring, may be filled under Art. 79 of the Constitution, by the Judge presiding in term time where the vacancy occurs, in place of the Judge of the District in which the court is held.

APPEAL from the District Court of the Parish of St. Tammany, *Beale, J.,* presiding. *A. Bowie* and *W. E. Walker,* for plaintiff. *Penn & Martin,* for defendant and appellant.

Merrick, C. J. The facts of this case and points in controversy, are correctly stated by defendant's counsel as follows, viz :

" Certain charges having been made by *Marcus T. Carter,* District Attorney, and *Mr. Alfred Hennen,* a practicing attorney in the Eighth Judicial District, against *William B. Hosmer,* the Clerk elect in said district for the parish of St. Tammany, the Hon. *Julius E. Wilson,* Judge of the said district, on the 14th of July, 1858, granted an order suspending *Hosmer,* and appointed the defendant, *Wesley Mallory,* Clerk *pro tempore.*

" On the 10th of November following, *Hosmer* tendered his resignation as Clerk to the Hon. *Robert G. Beale,* Judge of the Sixth Judicial District, then presiding at said court, who accepted the same, and appointed *John H. Ruddock,* the plaintiff herein, *Mallory* refused to give up the possession and archives of the office upon the grounds :

" 1. That he had been appointed by the Judge of the court, the Hon. *J. E. Wilson,* until certain charges made against *Hosmer* were heard and decided, which had not been done.

" 2. That the resignation of *Hosmer* could not take effect until notified to the proper power to take cognizance thereof, i. e. the Hon. *J. E. Wilson.*

" 3. That the appointment of *Ruddock* was illegal, and in violation of Art. 79 of the Constitution of the State.

" The Judge *a quo,* however, granted a peremptory *mandamus,* on the application of the relator, commanding the defendant forthwith to deliver to him the possession of said office, together with all the books, papers, &c. And the defendant has appealed."

We are not aware of any law which prevents the Clerk from resigning during the pendency of charges against him. The Constitution gives the Judges of the inferior courts power to remove their Clerk for a breach of good behavior, and the Act of 1855, makes it the duty of the District Judge, on complaint made against the Clerk, to appoint a day for hearing the evidence. Phillips' Revised Stat. p. 88, sec. 31.

By resigning, the Clerk voluntarily brings about what a decree upon the complaint is intended to accomplish, viz, a vacancy in the office and the appointment of a new Clerk. " The breach of good behavior," whatever it may be, is not to be punished in this form of proceeding, further than by a removal from office. If it be a criminal offence, it must be punished in according to the forms of the criminal law.

At the time *Hosmer* sent in his resignation, the Judge of the Sixth Judicial District was holding court in the parish of St. Tammany, under the Act of 20th

of March, 1858, p. 220. He had power to transact all business at the term at which he presided as District Judge, as fully and validly as the Judge of the Eighth Judicial District could have done, and as a consequence he could receive the resignation of the Clerk, and if he saw fit so to do, he had power to appoint a new Clerk for the unexpired term. He was District Judge for the parish of St. Tammany for the term at which he presided. *State* v. *Judge of the Sixth District*, 5 An. 756; *State* v. *Ryan*, 10 An. 540.

But it is contended, that the Article 79 of the Constitution declares, that it is the Judge of the court where the vacancy exists, (that is, the Judge of the Eighth Judicial District,) who is to make the appointment.

The Article is as follows :

"Art. 79. Clerks of the inferior courts, in this State, shall be elected for the term of four years, and should a vacancy occur subsequent to an election, it shall be filled *by the Judge of the court in which the vacancy exists*, and the person so appointed shall hold his office until the next general election."

The Code of Practice requires a defendant to be sued before his own Judge. But the law is complied with, when he is cited to answer before any competent Judge holding court at the place of his domicil; and *pro hâc vice*, such Judge is the Judge of the defendant. C. P., Art. 162. So, too, we think the Judge spoken of in Art. 79, is the Judge legally holding the court at the time the appointment is made, if it be made in term time, as was done in the case under consideration. This power would be necessary to prevent a failure of justice in case of the death, or resignation and absence of a Clerk, during the term held by a Judge of an adjoining district.

Art. 77 of the Constitution gives the Judges of the several inferior courts, power to remove the Clerks thereof for a breach of good behavior. In case of relationship, it might happen that the Judge of the district would be compelled to recuse himself. If no other Judge could fulfil his functions, the case could not be tried. If another Judge could be called in to decide the controversy, then the same Judge, in the event of a vacancy, might appoint his successor.

We are aware that a Judge from a neighboring district would feel some delicacy in making an appointment, but this feeling would doubtless prompt him to defer the appointment where possible, and in making it, to consult the wishes of the Judge of the district as far as compatible with the public interests.

The *pro tempore* appointment of the defendant, terminated with the resignation of *Mr. Hosmer* and the appointment of the plaintiff.

Judgment affirmed.

VOORHIES, J., absent.